THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE W. DILKS, Respondent, v. WILLIAM F. SMITH and others, as Police Commissioners of the City of New York, Appellants.

THE SAME ex rel. EDWARD WALSH, Respondent, v. THE SAME, Appellants.

THE SAME ex rel. JAMES CARROLL, Respondent, v. THE SAME, Appellants.

*Section 63 of chapter 403 of 1864, as amended by chapter 861 of 1866 — repealed by section 47 of chapter 137 of 1870 and by section 43 of chapter 335 of 1873.*

The provision of the sixty-third section of chapter 403 of 1864, as amended by chapter 861 of 1866, providing that the salaries of the police force, therein prescribed, should, when the currency of the United States attained par value in gold, be reduced twenty per cent, was repealed by section 43 of chapter 335 of 1873, construed in connection with section 47 of chapter 137 of 1870.

Appeal by the police commissioners of the city of New York from an order of the Special Term, directing that a peremptory mandamus issue requiring them to pay an unpaid balance of salary due to the relator.

*James Emott, Theodore W. Dwight* and *Charles F. McLean,* for the appellants.

*A. J. Vanderpoel* and *Elihu Root,* for the respondents.

Ingalls, J. :

We are convinced that the decision of the Special Term is correct, and should be affirmed. The Laws of 1866, chapter 861, section 1, provides :

Section 1. "The sixty-third section of chapter 403 of the Laws of 1864 is hereby amended so as to read as follows : " Then follow provisions regulating the pay of the force as follows :

| | |
|---|---:|
| Superintendent, | $7,500 |
| Inspectors, | 3,500 |
| Captains, | 2,000 |
| Sergeants, | 1,600 |
| Patrolmen, | 1,200 |
| Doorman, | 900 |

with the following proviso :

" Providing that whenever the currency of the United States shall attain par value in gold the foregoing salaries as paid by the act shall be reduced twenty per cent, except that in no case shall the yearly pay of captains be less than $1,800, and that of sergeants less than $1,400."

If this statute were to control, the pay of the relator would be subjected to a reduction of twenty per cent, as the currency of the United States attained par value in gold on the 1st day of January, 1879. The statute of 1870, chapter 137, section 47 provides : "Every person connected with the metropolitan police department at the time this act shall take effect and designated to do duty in the city of New York, and except as otherwise herein ordered, shall continue in office and be transferred by operation of this act to the department herein created, *and the amount of salary or compensation now paid to such person in the metropolitan police district shall be the salary and compensation fixed for his transferred office under this act.*"

Then follows the statute of 1873, chapter 335, section 43, which

is as follows : " Every person connected with the police depart-
ment of the city of New York, at the time this act shall take
effect, and except as otherwise herein ordered, shall continue in
office, and the amount of salary or compensation now legally paid
to such person, except as herein othewise provided or authorized,
shall be the salary and compensation fixed for his office under this
act."

The statute last referred to does not, in this particular, conflict
with the statute of 1870, to which we have also referred.    The
statutes of 1870 and 1873 construed together must have the effect
to entitle the relator to the salary specified, free from the deduc-
tion of twenty per cent — in other words, the proviso in regard to
such deduction has been repealed by such statutes.    The following
expression contained in section 47, of chapter 137, Laws of 1870,
" the amount of salary or compensation *now paid*," if construed
literally, admits of but one conclusion, which is that the provision
of the statute of 1866 (ch. 861), relative to the reduction of twenty
per cent, was repealed by the statute of 1870.    And we fail to
discover anything in the statute of 1873 which can have the
effect to change such result.    At the time the two last mentioned
statutes were enacted the salary was not affected by the reduction
clause of twenty per cent contained in the statute of 1866, and
hence the salary *then paid* was the definite sum specified.    We
perceive no substantial reason why the statute of 1870, in this
particular, should not receive a construction according to the plain
and ordinary import of the words employed in framing such
statute.    In construing a statute we are to assume that the legis-
lature intended that which the language used fairly imports, unless
such interpretation would lead to a result so clearly unjust and
unreasonable, if enforced according to the letter, that the general
purpose for which the statute was enacted will be defeated.    We
do not feel justified by anything disclosed in this case to depart
from the plain and ordinary rule of construction which obtains,
when the words employed have a clear and definite meaning.
The province of the court is to construe and enforce statutes, but
not to legislate.    The provision in regard to reducing the salaries
was extraordinary, and we may reasonably conclude that if the
law makers had intended to continue it, a declaration to that

effect would have been incorporated in either the statute of 1870 or 1873.

The order of the Special Term should be affirmed, with costs and disbursements.

POTTER, and BRADY, JJ., concurred.

Order affirmed, with costs and disbursements.